[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE INTERVENINGCOMPLAINT
The plaintiff and three defendants move to strike American Cyanamid's intervening complaint. The moveants contend American Cyanamid is barred from filing a complaint by § 52-572r(c) of the Products Liability Act. Because American Cyanamid has not alleged the decedent's occupational disease originated prior to the date § 52-572r(c) became effective, the motions to strike are granted without prejudice to American Cyanamid's filing an amended complaint stating the injury originated prior to October 1, 1979.
Section 31-293 of the General Statutes gives an employer who has paid or has become obligated to pay workers' compensation benefits the right to join an employee's action against a third party who is legally liable for the employee's injuries. In 1979, the legislature limited this right by barring employers from intervening in product liability claims brought by employees against third party tortfeasors. The statute which limited an employee's right to intervene, General Statutes § 52-572r(c), became effective on October 1, 1979, and was repealed by § 34 of Public Act 93-228, effective July 1, 1993.
In this case, plaintiff Bernice Reich sues in her capacity as executrix of the Estate of Robert Reich and in her individual capacity.' She asserts claims under the Connecticut Product Liability Act, General Statutes §§ 52-572m through 52-572q, and a claim for loss of consortium. She alleges that the many defendants produced, manufactured, or distributed asbestos products in this state, that her husband was exposed over twenty-seven years to the CT Page 8186 asbestos products, and that as a result of the exposure he suffered injuries and diseases resulting in his death on April 3, 1990.
American Cyanamid alleges in its intervening complaint that "on or about June 3, 1985, and for some time prior thereto. . ." it employed Robert Reich. American Cyanamid further states that Robert Reich's injuries have allegedly "arisen . . . out of and in the course of his employment" and that American Cyanamid may therefore become obligated to pay benefits under the Workers' Compensation Act. American Cyanamid seeks reimbursement for the workers' compensation benefits it has paid or will become obligated to pay.
Whether § 52-572r(c) bars American Cyanamid from intervening in this case depends upon the date selected to determine the parties rights and obligations. The plaintiff argues that the appropriate date is the date on which the decedent's cause of action accrued. A cause of action accrues in Connecticut "when the plaintiff discovers or should have discovered, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injuries." Champagne v. Raybestos-Manhattan,Inc., 212 Conn. 509, 521 (1989). The pleadings do not show when the decedent's cause of action accrued although the plaintiff states in her brief that the decedent was first diagnosed as having asbestosis on March 3, 1989, when section 52-572r(c) was still in effect. The three defendants who have filed motions to strike; United States Mineral Products Company; Owens-Illinois, Inc.; and Spraycraft Corporation; argue that an employer's right to intervene does not vest until the employee's cause of action accrues. They, like the plaintiff, contend that the employer's right to intervene is to be determined as of the date the employee's cause of action accrued.
American Cyanamid argues that the date to be used in deciding whether it has a right to join this lawsuit is the date or dates the employee was exposed to asbestos and injured. The pleadings do not show when the exposure occurred although American Cyanamid states in its brief that it employed the decedent between 1952 and 1956, which was before § 52-572r(c) became effective.
An employer's right to intervene arises under § 31-293 when the employer has paid or has become obligated to pay workers' compensation benefits to the employee or the employee's dependents. The employer's obligation to provide compensation is determined as of the time of the injury. "The contract of employment CT Page 8187 incorporates the Workmen's Compensation Act . . . and provides the basis for an employee's recovery for an injury suffered in the course of employment. . . . The rights and obligations of both parties to the contract are fixed and determined by the contractual and statutory provisions in force at the time the employee is injured. . . ." Chieppo v. Robert F. McMichael, Inc., 169 649, (1975).
If an occupational disease results from an employment, liability is fixed on the employer even though the symptoms of the disease first manifest themselves years after the employment has ended. Plecity v. McLachlan Hat Co., 116 Conn. 219, 224 (1933). The employer is required to provide compensation benefits to an employee who sustains an injury "arising out of and in the course of his employment" or, in the event of such injury resulting in death, to the dependents of such employee. See General Statutes §§ 31-284 and 31-340. The term "arising out of and in the course of his employment" is defined with respect to an occupational disease as meaning "an occupational disease of an employee originating while he has been engaged in the line of his duty in the business or affairs of the employer. . . ." General Statutes § 31-275(1).
The court concludes the employer's right to intervene should be fixed and determined, like the employer's obligation to provide compensation, under the law in existence at the time of the injury. When determining whether an employer must provide compensation for an occupational disease, the time the disease originated is the relevant criteria. When determining whether an employer has a right to intervene in an employee's suit against a third party, the statutory law in effect at the time the occupational disease originated should be the governing law. While it may be difficult at times to determine when an occupational disease originated, this assessment for the purpose of deciding whether an employer has a right to intervene should be no more difficult than making such an assessment for the purpose of deciding whether an employer is obligated to provide workers' compensation for the injury.
Since the plaintiff is asserting a products liability claim, American Cyanamid can only join the plaintiff's lawsuit if the disease originated at a time when American Cyanamid had a statutory right to intervene in a products liability case. While American Cyanamid alleges that the employee's injuries arose out of and in the course of employment, it has not alleged when the injury occurred. American Cyanamid may not intervene unless the CT Page 8188 occupational disease originated before § 52-572r(c) became effective or after it was repealed. Because American Cyanamid has not alleged facts showing it has a right to intervene, the motion to strike the third party complaint is granted. If American Cyanamid claims the disease originated before October 1, 1979, it may file an amended complaint with such an allegation.
The motion to strike is granted.
THIM, JUDGE